**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**JESSE L. BRINKLEY**                                                                       **PLAINTIFF**

**VERSUS**                                           **CIVIL ACTION NO. 2:05-cv-371-KS-JMR**

**UNITED STATES OF AMERICA,
DEPARTMENT OF VETERAN AFFAIRS,
VETERANS HEALTH ADMINISTRATION;
LOCUMTENENS.COM, LLC;
ANGELA WILLIAMS, M.D.; And
JOHN AND JANE DOES 1-15**                                                     **DEFENDANT**S

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Motion for Summary Judgment **[#9]** filed on

behalf of separate defendant, LocumTenens.com, LLC ("LocumTenens").  The court,

having reviewed the motion, the response, the pleadings and exhibits on file, the

authorities cited and being fully advised in the premises, finds that the motion should be

granted as follows;

This case arises out of the alleged mistreatment of the plaintiff at the hands of

Dr. Angela Williams while the plaintiff was a patient at the Gulfport Veterans

Administration Hospital.  At all relevant times, Dr. Williams, also a defendant, was

working at the Gulfport VA facility under a "Provider Agreement" entered between her

and defendant LocumTenens for the period March 17 through September 30, 2003.

Locumtenens was operating under a separate "Client Services Agreement" with the

Gulfport VA Hospital to provide professional staff.

As a result of the alleged mistreatment of the plaintiff by Dr. Williams, the plaintiff

sued LocumTenens alleging that it is vicariously liable for her conduct as the employer of Dr. Williams.  LocumTenens has filed the present motion asserting that the Provider Agreement creates an employer/independent contractor relationship between it and Dr. Williams, not an employer/employee relationship, with the former not imposing liability on it for the alleged actions of Dr. Williams.  In response, the plaintiff contends that there is a factual dispute as to the relationship between LocumTenens and Dr. Williams.

## **STANDARD OF REVIEW**

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986).  The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment.  *John v. State of La. (Bd. of T. for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.  There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment. The dispute must be genuine, and the facts must be material." Id. "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992).

In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131.

3

"Rule 56 contemplates a shifting burden:  the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]."  *John*, 757 F.2d at 708.  "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment," even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion.  *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence.  *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).  In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact."  *In Re Municipal Bond Reporting Antitrust Lit.* , 672 F.2d 436, 440 (5th Cir. 1982).  To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e), Fed.R.Civ.P.  *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

While generally "'[t]he burden to discover a genuine issue of fact is not on [the] court,' (*Topalian* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'"  *John*, 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

Mississippi uses a balancing of factors analysis to determine the employer/independent contractor issue where the court is charged with the responsibility of reviewing the various factors relied on by the courts in light of the particular factual scenario presented.  The list of factors relied on has been held to be non-exhaustive even though extensive.  *See, e.g., Kisner v. Jackson*, 159 Miss. 424, 132 So. 90 (1931).  The factors generally considered include

> Whether the principal master has the power to terminate the contract at will; whether he has the power to fix the price in payment for the work, or vitally controls the manner and time of payment; whether he furnishes the means and appliances for the work; whether he has control of the premises; whether he furnishes the materials upon which the work is done and receives the output thereof, the contractor dealing with no other person in respect to the output; whether he has the right to prescribe and furnish the details of the kind and character of work to be done; whether he has the right to supervise and inspect the work during the course of the employment; whether he has the right to direct the details of the manner in which the work is to be done; whether he has the right to employ and discharge the subemployees and to fix their compensation; and whether he is obliged to pay the wages of said employees.

*Richardson v. APAC-Mississippi, Inc.*, 631 So.2d 143, 148-49 (Miss.1994).  But, "[a]t last, and in any given case, it gets back to the original proposition whether in fact the contractor was actually independent."  *Kisner v. Jackson*, 132 So. at 91. *See also Richardson,* 631 So.2d at 148; and *McKee v. Brimmer*, 39 F.3d 94, 96 (5th Cir. 1994). The Mississippi Supreme Court added an explicit public policy factor to the analysis in holding,

> When, however, third parties are adversely affected, this Court will carefully scrutinize the contract to see if public policy should permit the transformation of an ordinarily employer/employee relationship into that of an independent contractor. A necessary condition precedent for the application of this factor, however, is that the party challenging the claimed relationship will be adversely affected, and denied an adequate legal remedy.

*Richardson*, 631 So.2d at 150.

5

The defendant argues that the Provider Agreement explicitly creates an employer/independent contractor relationship between it and Dr. Williams.  The plaintiff argues that the employment contract is not binding on the court as it relates to the relationship of the parties and further that certain provisions of the contract substantiate the employer/employee relationship; *i.e.*,  (1) The VA Medical Center was the "Client" of LocumTenens; (2) LocumTenens was the "provider" of services to the VA Medical Center; (3) LocumTenens maintained medical malpractice insurance on Dr. Williams for her period of assignment; (4) LocumTenens paid Dr. Williams, not the VA Medical Center.

The plaintiff is correct that the court is not confined to the terms of the contract in determining the existence of an employer/independent contractor versus an employer/employee relationship, especially where third parties, strangers to the contract, are concerned.  The court, in these types of cases, should also consider the actual conduct of the parties in reaching a conclusion as to the relationship of the parties. *See Richardson*, 631 So.2d at 151.

The defendant has provided the affidavit of David Roush, who is the President and Chief Operating Officer of LocumTenens which supports the defendant's argument as to each of the *Kisner* factors.  The plaintiff only disputes paragraph three of the affidavit which states that LocumTenens and Dr. Williams enjoyed an employer/independent contractor relationship.  The plaintiff does argue that additional discovery would be helpful in fleshing out the relationship of the parties and requests additional time to conduct that discovery.

However, in reviewing the above factors and the actual control of Dr. Williams

6

and her work, the court is left with the distinct conclusion that Dr. Williams was an independent contractor of LocumTenens. This is so regardless of the fact that LocumTenens provided medical malpractice insurance for Dr. Williams and acted as a conduit for her pay.  No amount of additional discovery could change the undisputed facts of Dr. Williams' relationship with LocumTenens.  Where the facts are undisputed, determining the type of relationship is a legal question. *Richardson*, 631 So.2d at 152. As the employer of an independent contractor, LocumTenens is not responsible for Dr. Williams' alleged misconduct as it affects the plaintiff because under Mississippi law, the general rule is that the employer of an independent contractor has no vicarious liability for the torts of the independent contractor.  *See Mississippi Power Co. v. Brooks*, 309 So.2d 863, 866 (Miss.1975);and *Smith v. Jones*, 220 So.2d 829 (Miss.1969).

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Summary Judgment **[#9]** filed on behalf of the defendant LocumTenens.com, LLC, is Granted and the plaintiff's complaint against this defendant is dismissed with prejudice.  A separate judgment will be entered herein in accordance with Rule 58, Fed. R.Civ.P.

SO ORDERED AND ADJUDGED this the 13th day of June, 2006.


s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE